IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRUIT

_____

**APPEAL NO. 23-1087**
_____

**TONYA C. HUBER,**
**PLAINTIFF-APPELLANT,**

v.

**WESTAR FOODS, INC.,**
**DEFENDANT-APPELLEE.**
_____

**APPELLEE'S MOTION TO RECONSIDER ORDER GRANTING EEOC'S MOTION FOR LEAVE TO FILE EN BANC BRIEF AS AMICUS CURIAE AND MOTION TO STRIKE THE EEOC BRIEF**
_____

COMES NOW the Defendant-Appellee Westar Foods, Inc., and (1) requests that the Court reconsider and vacate its order of October 11, 2024, granting leave to the Equal Employment Opportunity Commission to file a brief as amicus curiae supporting the Plaintiff-Appellant's position in the Court's en banc review of the panel decision in the above-captioned case, and (2) requesting that the Court order the clerk to strike the EEOC's amicus brief filed as a consequence of the Order granting leave.

The Court should reconsider and vacate its Order because of the following sequence of events and their relation to the Federal Rules of Appellate Procedure:

- Counsel for Westar became aware that the EEOC intended to file an amicus brief in an email on the afternoon of Monday, October 7, when the

1

- Commission's counsel indicated its intent to support the Plaintiff-Appellant with a brief and asked if Westar would oppose the motion.

- Counsel for Westar advised the EEOC attorney by email on Tuesday, October 8, that Westar would oppose, and explained: "We don't read FRAP 29 to authorize an amicus brief after all of the briefing on rehearing is complete and oral argument is only a couple of weeks away. We would have no opportunity to respond to anything you say except during the limited time for oral argument."

- The EEOC filed its motion for leave, along with its intended brief, on the afternoon of Wednesday, October 9, and included in its motion a statement that counsel for Defendant-Appellee opposes the motion.

- Federal Rule of Appellate Procedure 27(a)(3) states with respect to the time for responding to a motion: "The response must be filed within 10 days after service of the motion unless the court shortens or extends the time. A motion authorized by Rules 8, 9, 18, or 41 may be granted before the 10-day period runs only if the court gives reasonable notice to the parties that it intends to act sooner." The EEOC's motion was filed under FRAP 29, not Rule 8, 9, 18, or 41.

- Westar immediately began preparation of its response to oppose the motion, and also to communicate with its client to obtain permission for the expense

2

of preparing a response, and had its opposition ready to file on the morning of Friday, October 11, less than a day and a half after service of the motion.

- At no time did the Court give notice that it was shortening the time for response to the EEOC's motion, although the motion stated that Westar opposed the motion.

- On the morning of October 11, shortly before Westar was about to file its response, the Court clerk entered an Order, directed by the Court, that the EEOC's motion for leave was granted, then the clerk filed the EEOC's brief.

- The Order granting the EEOC's motion allows no opportunity for Westar to respond to the amicus brief in writing, despite a rule requiring the Court to specify the time for response to an amicus brief that the Court allows outside of the timeframe set for filing such briefs, as discussed below.

These events left Westar with less than a day and a half to respond after the EEOC filed its motion, rather than the 10 days allowed by FRAP 27(a)(3), and without any notice from the Court shortening the response time, despite the notice to the Court that Westar would oppose the motion. This prejudiced Westar because it was poised to offer a meritorious opposition to the motion that should be considered by the Court and should lead to an order denying the EEOC's motion., and because Westar has no effective opportunity to respond to the brief that is now on file.

3

After reconsideration and vacation of the October 11 Order, leave to file an amicus brief should be denied because Fed. R. App. Pro. 29 and Eighth Circuit Rule 29A make no provision for an amicus brief at the en banc review stage, and because Westar would have no opportunity to respond to the EEOC's lengthy brief except during very limited oral argument occurring only two weeks after the Commission's motion.

The part of FRAP 29 allowing a federal agency to file an amicus brief without the consent of the parties or leave of court appears in subsection (a)(2), which is headed "When Permitted." The heading for all provisions in subsection (a) is "During Initial Consideration of a Case on the Merits," and subsection (a)(1) provides: "This Rule 29(a) governs amicus filings during a court's initial consideration of a case on the merits." Then subsection (a)(6) provides (in pertinent part, given the proposed brief's support for the Appellant): "An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. . . . A court may grant leave for later filing, specifying the time within which an opposing party may answer."

The only other part of Rule 29 is subsection (b), which is headed "During Consideration of Whether to Grant Rehearing" and specifies in subsection (b)(1): "This Rule 29(b) governs amicus filings during a court's consideration of whether

4

to grant panel rehearing or rehearing en banc, unless a local rule or order in a case provides otherwise." During this stage preceding the Court's order granting or denying a rehearing petition, the government also may file an amicus brief without approval of the parties or leave of court. Rule 29(b)(2) (headed "When Permitted"). The time for filing an amicus brief supporting the petition to grant rehearing is "no later than 7 days after the petition is filed," and the time for filing an amicus brief opposing a petition is "no later than the date set by the court for the response." *Id*.

Nothing in Rule 29 permits anyone to file or ask leave to file an amicus brief after the Court has issued an order granting rehearing en banc or by the panel. The headings in the two parts that are in the rule—"When Permitted"—imply that the rule's drafters perceived no general authority for filing amicus briefs at any time and at any stage of an appeal, such that limits needed to be set, then set them only for the two stages covered by the rule. Instead, the wording and structure of the rule shows that the drafters were spelling out when and under what conditions amicus briefs would be permitted. Omission of any provision for permission for even requesting leave to file an amicus brief after the order granting rehearing shows the lack of any authority to seek permission at that final stage.

The Advisory Committee's notes on the 1998 amendment to Rule 29, which set out the 7-day deadline for filing an amicus brief following the brief that the

5

amicus supports, explained that the period "is short enough that no adjustment need be made in the opposing party's briefing schedule. The opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading." An amicus dropping in after all allowed briefing is completed and with just two weeks before en banc oral argument allows no written response and clearly violates the drafter's intent. Similarly, the provision of Rule 29(a)(6) allowing the court to give leave for a filing later than the rule's 7 days, while specifying the time within which an opposing party may answer, is inconsistent with granting leave to file an amicus after the court has accepted rehearing with no provision for additional briefing. It makes no sense to protect by rule the opposing party's ability to respond to the government's points and authorities in the earlier two phases covered by the rule but allow the government to have the last written word in favor of its favored party while requiring the opposing party to squeeze its rebuttal to the government into the already tight time for oral argument.

    The Advisory Committee Notes on the 2016 amendment to Rule 29 said that the revision added language to state that the provisions of renumbered Rule 29(a) "apply to amicus filings during the court's initial consideration of a case on the merits." Before this change, the Fourth Circuit said the term "principal brief" (the filing of which is the starting point for the 7-day deadline to file an amicus brief)

6

"would appear to refer to the lead brief filed by a party in anticipation of argument (either before a panel or the en banc court) and not to something such as a reply brief or petition for rehearing.' *LaRue v. Dewolff, Boberg & Assocs.*, 458 F.3d 359, 361 (4th Cir. 2006). The government amicus brief offered in that case was during the phase of considering whether to grant rehearing, so the comment about a principal brief meaning the brief before a panel or en banc court was dicta. Nonetheless, the 2012 amendment removed the potential to interpret "principal brief" to include the brief filed before an en banc hearing already granted. Now "principal brief" can refer only to the phase of "initial consideration of a case on the merits," meaning the briefing before the panel, and cannot include any later brief submitted for en banc consideration.

*LaRue* also came out before the 2012 amendment specifically dealing with the phase of the appeal when a petition for rehearing is still under consideration, but what the court said in that context is instructive here. The court said that "waiting until a petition for rehearing has been filed is a disfavored litigation tactic and fails to serve the litigants' interest in having all views considered thoroughly at the initial briefing and argument stage. While it may suit the agency's convenience to troll for panel results to which it takes exception, such a practice is not consistent with the orderly and conscientious disposition of claims in an appellate court." *Id*.

7

That concern about an agency suiting its own convenience in picking and stepping into cases after seeing the results and too late for a response is even more urgent here, where the EEOC waited until after the court granted en banc review and then filed for leave at a point where the opposing party has no means for responding in writing. This is prejudicial to Westar Foods.

In its motion, the Commission cited *Faidley v. United Parcel Serv. of Am., Inc.*, No. 16-1073 (8th Cir. Oct. 2, 2017), as an example of a case in which the Eighth Circuit has granted the EEOC leave to file an amicus curiae brief at the en banc stage, shortly before oral argument. That description of the posture of that order, however, omits that there was no resistance filed to the motion for leave. The relevant part of the docket of the case shows only the motion and an order granting it 7 days later, with no indication in the motion, the order, or any filing betwixt the two that any party expressed opposition.

WHEREFORE, the Court should reconsider and vacate its Order of October 11, 2024, and should then deny the EEOC's motion to file an amicus brief supporting the Plaintiff-Appellant. The Court should also order that the amicus brief filed after the said Order should be struck from the record and disregarded when the Court takes up the appeal for en banc consideration.

Respectfully submitted this 11th day of October 2024.

By: /s/ *Raymond E. Walden*
Bonnie M. Boryca, Neb. #24886
Raymond E. Walden, Neb. #16952
Erickson & Sederstrom, P.C.
10330 Regency Parkway Drive
Omaha, NE 68114
(402) 397-2200
(402) 390-7137 Fax
boryca@eslaw.com
rwald@eslaw.com
Counsel for Defendant-Appellee
Westar Foods, Inc.

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(g)

1. This document complies with the type-volume limitation as set out in Fed. R. App. P. 35(b)(2)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 2,168 words, as determined by Microsoft Office Word's word-processing systems word count.
2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman.
3. This document complies with Eighth Circuit Local Rule 28A(h) as it has been scanned for viruses and is virus free.

/s/ *Raymond E. Walden*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing document delivered by electronic mail through the Court's online case management system, to the below-listed attorneys of record on the 11th day of October 2024:

9

Appellate Case: 23-1087   Page: 9   Date Filed: 10/11/2024 Entry ID: 5445593

Alexis S. Mullaney:
alexis@employmentlawnebraska.com

/s/ *Raymond E. Walden*